BUCKHOLZ v. LEVEILLE

1. INFANTS—ACTION—COURT RULES.

The court rule providing that any natural person may sue in his own name was intended to remove the common-law incapacity of married women, infants, and incompetents to bring suit and allows a minor to bring suit in his own name (GCR 1963, 201).

2. INFANTS—NEXT FRIEND—NOMINATION—COURT RULES.

A minor over the age of 14 years may make his own nomination of a next friend to represent him as plaintiff in an action (GCR 1963, 201).

3. INFANTS—ACTION—PARENTS' OPPOSITION.

A 16-year-old minor who has a duly-appointed next friend may prosecute a suit contrary to the wishes of his parents where the subject matter of the suit is not so peculiar to parental control that their consent is necessary, or where the parents have failed to exercise that right of control.

4. INFANTS—ACTION—PARENTS' OPPOSITION.

A 16-year-old minor may prosecute a suit against a school board challenging the constitutional validity of a school dress code prescribing hair length, against the wishes of his parents, where his parents have declined to exercise their control over the minor by telling him that his hair length could not exceed that prescribed.

Appeal from Mackinac, Edward H. Fenlon, J. Submitted Division 3 October 4, 1971, at Marquette. (Docket No. 11051.) Decided November 23, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties § 7.
[2-4] 42 Am Jur 2d, Infants § 150 et seq.
  59 Am Jur 2d, Parties § 31.

Complaint by John Buckholz, a minor, by his next friend Janet E. Forrester, against Ronald Leveille, principal of Engadine High School, the Board of Education of Engadine Consolidated Schools, and officers of the Engadine Consolidated Schools for a writ of mandamus to require his readmission to school. Complaint dismissed. Plaintiff appeals. Reversed and remanded.

Upper Peninsula Legal Services, Inc., by *William S. Easton* (*Gabe Kaimowitz,* Michigan Legal Services Assistance Program, of counsel), for plaintiff.

*Brown & Brown,* for defendants.

Before: Fitzgerald, P. J., and Bronson and T. M. Burns, JJ.

T. M. Burns, J. Courts must stand prepared to protect the rights of all citizens, including teen-agers. Denying a teen-aged litigant access to our courts simply because he happens to be a minor not only tends to lessen the confidence of young people in our legal system but adds credence to the existence of the "generation gap". And it may even help widen that gap.

In the instant case plaintiff, an eleventh-grade student at Engadine High School in Engadine, Michigan, was suspended from further attendance at said school by reason of his failure to cut his hair to the length prescribed by the school dress code. Plaintiff secured the assistance of the Upper Peninsula Legal Services, Inc.; and on October 23, 1970, he instituted a complaint for mandamus alleging that his suspension from school for not abiding by the school dress code violated his constitutional rights. On the same date, upon plaintiff's nomination, Janet

Forrester of the Upper Peninsula Legal Services staff was appointed by the trial court as plaintiff's next friend for purposes of the litigation.

Defendants answered and moved to dismiss on numerous grounds one of which was that plaintiff's natural parents wished the suit to be dismissed. On November 6, 1970, a hearing was held at which the superintendent of schools testified that the plaintiff's parents agreed with the dress code and desired that plaintiff discontinue the prosecution of this action. A letter to the same effect, signed by the plaintiff's parents, was submitted.

The trial judge, for purposes of the motion to dismiss, assumed that plaintiff had a constitutional right to wear his hair in the manner that he desired. The court went on to hold, however, that such a right is subject to limitation if there is substantial justification therefor, and that in this instance there was substantial justification in that plaintiff's parents' right to control his upbringing was of greater importance. The court concluded by stating that: "This court will not substitute its judgment for that of the boy's parents". Plaintiff appeals.

The sole question on appeal is the same question which the trial court faced:

"Should the plaintiff be allowed to continue this lawsuit when the natural parents of the boy (plaintiff) request that the school dress code be applied to their son and that they do not want their son to participate in this lawsuit. In other words, the court must answer the question of whether or not under the factual situation presented to the court, this case should be allowed to continue in view of the position taken by the parents of the child." (Order and judgment of the trial court.)

This Court must first decide whether a 16-year-old minor may continue, in his own name, a lawsuit against the wishes of his parents.

GCR 1963, 201.3(1) provides: "Any natural person may sue or be sued in his own name".

The committee comments found in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 445, indicate that this was a new provision intended to remove the common-law incapacity of married women, infants, and incompetents to bring suit. Therefore, the rule clearly provides that a minor child may bring suit in his own name.

Thus while a minor child may bring suit in his own name, GCR 1963, 201.5 provides:

"(1) Representation. * * * If an infant or incompetent person does not have such a guardian representing him as plaintiff, the court shall appoint a competent and responsible person to appear as next friend in his behalf who shall be responsible for the costs of the action. * * *

"(2) Appointment of Representative. Appointment of next friend or guardian *ad litem* shall be made by the court: (1) upon the nomination of an infant party over the age of 14 years, accompanied by the consent in writing of the person to be so appointed; or (2) in the case of an infant party under the age of 14 years or an incompetent party, upon the nomination of the next of kin of such party, or that of any other relative or friend whom the court deems suitable, accompanied by a like consent; or (3) in the event that no such nomination is made or approved within 20 days after service [of] process, upon motion of the court or that of any party. The court in its discretion may refuse to appoint any representative deemed unsuitable."

The rule makes a distinction between minors over the age of 14 years and minors under the age

of 14 years and incompetents. While minors under the age of 14 and incompetents must have their next friend nominated by a relative or friend, minors over the age of 14 may nominate their own next friend. The differentiation between the two classes evidences a recognition on the part of the drafters of the rule that minors over the age of 14 years are sufficiently mature to exercise a greater degree of control over the prosecution or defense of the case.

It is the opinion of this Court that the above-cited sections of GCR 1963, 201, evidence a clear intention to allow minor children 14 years of age or over, who have a duly-appointed next friend, to institute and prosecute suits in this state absent any consent by, and in fact contrary to the wishes of, the minor's parents. Thus, the only question left for this Court to decide is whether the subject matter of the instant suit is one so peculiar to parental control that their consent is necessary in order that this suit be continued.

The court below held, and defendants argue on appeal, that plaintiff's parents' right to control plaintiff's appearance and behavior justifies the termination of the constitutional attack on the school dress code with which the parents agree, since in this instance, the school board is merely doing, with the parents' consent, that which the parents could do.

However, we have no conflict here between the boy and his parents. The conflict is between the plaintiff and the school board, and the fact that the parents happen to agree with the dress code is irrelevant. Plaintiff's parents had the right to tell him that his hair could not exceed the length prescribed by the school dress code. It is quite obvious, however, that they were not exercising that right at the time plaintiff was dismissed from school. Therefore, even though the parents agreed with the school

dress code, this does not confer upon the school board the right to exercise the control over plaintiff which his parents declined to exercise.

It is the opinion of this Court that the trial court erred in dismissing the plaintiff's complaint. We have found no authority which would require a minor plaintiff to have the consent of his parents before bringing this suit. Accordingly, the judgment of the trial court must be reversed.

Reversed and remanded for a hearing on the merits.

All concurred.